# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Chester County Magistrate Angel Catina Underwood, Respondent.

Appellate Case No. 2016-001420

Opinion No. 27665
Submitted August 23, 2016 – Filed September 14, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Stanley Lamont Myers, Sr., Esquire, of Moore Taylor Law Firm, P.A., of West Columbia, for respondent.

**PER CURIAM:** In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR). In the agreement, respondent admits misconduct and consents to the imposition of any discipline up to a one year suspension from judicial duties. She requests that any suspension be imposed retroactively to May 8, 2015, the date of her interim suspension. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## Facts

On May 18, 2011, respondent was appointed a magistrate. At the time, respondent's husband had retired from the South Carolina Law Enforcement

Division and he did not hold any political offices. Respondent's husband later ran for and was elected Sheriff of Chester County.

South Carolina Court Administration forwarded a spreadsheet to ODC which indicated that, between July 1, 2013, and sometime in April of 2015, respondent's "judge code" was entered as having handled numerous traffic citations, arrest warrants, and bond hearings in Chester County Sheriff's Department cases. A total of 101 cases were identified with respondent's "judge code." In response to this information, Court Administration went to the Chester County Magistrate's Office and obtained a sampling of cases which corroborated respondent's involvement in cases involving the Chester County Sheriff's Department.

In mitigation, respondent states she attempted to follow the remittal of disqualification process on many of the matters, but now recognizes she did so incorrectly after having reviewed Section 3F of Canon 3 of the Code of Judicial Conduct, Rule 501, SCACR, with ODC. Respondent asserts she thought that she was complying with the remittal requirements by announcing her conflict before court and proceeding when no objections were voiced. She now recognizes that remittal requires that the disclosure be made on the record to each defendant, that each defendant be given time to consider the matter with counsel, and that the defendant's decision on the matter be placed on the record.

Respondent also incorrectly believed that when defendants requested she take their plea and/or knew her connection with the Sheriff's Department that the conflict was waived and she could take the plea. Respondent now recognizes that in these situations she was required to comply with the requirements of Section 3F of Canon 3. Respondent submits that she will comply with Section 3F at all times in the future.

In one instance, respondent mistakenly conducted a jury trial thinking that she could preside over the trial since the jury would decide the matter. Respondent now recognizes she must comply with Section 3F of Canon 3 in all jury trials.

In mitigation, respondent offers that no parties complained about the bonds that she set or the disposition of matters in question. ODC confirms it has received no complaints from the defendants in question.

Respondent now asserts she understands the requirements of Section 3F of Canon 3 and submits that she will fully comply with the requirements of Section 3F of Canon 3 in all matters in the future.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Section 2E of Canon 3 (judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned) and Section 3F of Canon 3 (judge disqualified by terms of Section 3E may disclose on record basis of judge's disqualification and may ask parties and their lawyers to consider, out of presence of judge, whether to waive disqualification. If following disclosure of basis for disqualification, parties and lawyers, without participation by judge, agree that judge should not be disqualified and judge is then willing to participate, judge may participate in the proceeding; agreement shall be incorporated in record of proceeding).

Respondent also admits that her misconduct constitutes grounds for discipline pursuant to the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (it shall be ground for discipline for judge to violated Code of Judicial Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for her misconduct.[1]

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[1] Respondent's interim suspension is lifted.