# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Angel Catina Underwood of the Chester
County Magistrate Court, Respondent.

Appellate Case No. 2022-000130

Opinion No. 28096
Submitted May 6, 2022 – Filed May 25, 2022

### DEFINITE SUSPENSION

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

I.S. Leevy Johnson, of Johnson Toal & Battiste, PA, of
Columbia, for Respondent.

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE)
contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In
the Agreement, Respondent admits misconduct and consents to the issuance of any
sanction in Rule 7(b), RJDE, up to a six-month suspension.  We accept the
Agreement and suspend Respondent from office for six months.

## I.

In 2017 and 2018, Respondent was the Chief Magistrate of Chester County and her
husband was the Chester County Sheriff.  The Chester County Sheriff's
Department (Sheriff's Department) had a Facebook page through which members
of the public could send private tips regarding criminal activity.  Respondent
accessed the Sheriff's Department's Facebook messages on the Sheriff's behalf for

the purpose of transmitting the information to Sheriff's Department Employees and requesting that certain actions be taken in response to various complaints, including suspected drug activity and trash and noise complaints. In doing so, Respondent copied the messages from Facebook, then used her Chester County-issued judicial email account to forward the complaints to Sheriff's Department employees. Respondent's emails included a signature block in which she identified herself as a Chester County Magistrate and listed the address and telephone number for the magistrate's court.

Additionally, in 2018, Respondent assisted her husband with drafting a disciplinary action concerning a Sheriff's Department employee. Respondent used her judicial email account to forward the draft of the disciplinary action to her husband for his review. That same year, Respondent prepared a letter for the Sheriff's Department in which the Community Services Division recommended a student for a scholarship. Using her judicial email account, Respondent emailed the Sheriff's Department staff directing them to place the letter on Sheriff's Department letterhead and place it in a Sheriff's Department envelope.[1]

## II.

"Our judicial system should stand as the symbol of fairness and justice, and of equal protection dispensed to every citizen." *In re Eaken*, 150 A.3d 1042, 1055 (Pa. Ct. Jud. Disc. 2016). "An independent and honorable judiciary is indispensable to justice in our society." Canon 1A, Code of Judicial Conduct, Rule 501, SCACR. A judge "shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 2A, Code of Judicial Conduct, Rule 501, SCACR. Judicial "misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct." *In re Brown*, 625 N.W.2d 744, 745 (Mich. 2000).

The Agreement establishes Respondent accessed the Sheriff's Department Facebook messages, received citizen complaints, forwarded those complaints using her judicial email account, involved herself in Sheriff's Department personnel matters, and prepared correspondence on behalf of the Sheriff's department. These

---

[1] The Agreement also contains a second disciplinary matter involving eviction documents and the Chester County Supervisor. However, the factual summary included in the Agreement and the March 9, 2022 supplement is inadequate to support a finding by this Court that Applicant committed misconduct in that matter. Accordingly, this opinion does not address those allegations.

actions blurred the boundaries between her role as an independent and impartial magistrate and someone acting on behalf of the Sheriff's Department. Regardless of whether Respondent intended her emails and actions to remain private, her conduct served to erode public confidence in the judiciary. Accordingly, we find Respondent's pattern of conduct with the Sheriff's Department is sufficient to create in reasonable minds a perception that her ability to carry out her judicial responsibilities impartially is impaired, thereby violating Canon 2A of the Code of Judicial Conduct, Rule 501, SCACR.

## III.

In the Agreement, Respondent admits her misconduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of the Code of Judicial Conduct shall be a ground for discipline).[2] In light of Respondent's disciplinary history,[3] we find a suspension from judicial duties is appropriate. We therefore accept the Agreement for Discipline by Consent and suspend Respondent from office for six months. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by Disciplinary Counsel and the Commission on Judicial Conduct.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] Respondent is not licensed to practice law in South Carolina. However, as an officer of the unified judicial system eligible to perform judicial functions in South Carolina, she is subject to the jurisdiction of the Commission on Judicial Conduct. *See* Rule 2(r), RJDE, Rule 502, SCACR (defining a judge as "anyone, whether or not a lawyer, who is an officer of the unified judicial system, and who is eligible to perform judicial functions"); Rule 3(b)(1), RJDE, Rule 502, SCACR (providing the Commission on Judicial Conduct has "jurisdiction over judges").

[3] *In re Underwood*, 417 S.C. 433, 790 S.E.2d 761 (2016) (publicly reprimanding Respondent for handling cases involving the Chester County Sheriff's Department while her husband was Sheriff of Chester County without properly following the remittal of disqualification requirements of Canon 3F, Code of Judicial Conduct, Rule 501, SCACR).