# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In Matter of Danny Oran Barker, II, of the Marion County Magistrate Court, Respondent.

Appellate Case No. 2022-000329

---

Opinion No. 28098
Submitted May 25, 2022 – Filed June 15, 2022

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Deputy Disciplinary Counsel Carey Taylor Markel, both of Columbia, for the Office of Disciplinary Counsel.

Danny Oran Barker, II, of Marion, pro se.

---

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to the imposition of a confidential admonition or a public reprimand, and agrees to pay costs.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent has been married since 1996.  His wife was employed with the Marion County Sheriff's Office (Sheriff's Office) from 2000 until her recent retirement in February 2022.  In 2007, the Respondent's wife was promoted to Captain of the Sheriff's Office's investigation unit, a role which required Respondent's wife to handle "administrative supervision" of certain Sheriff's Office deputies.

On June 30, 2009, Respondent was appointed to serve as a Marion County Magistrate. Respondent never presided over any case or hearing in which his wife appeared or was directly involved. However, prior to the ODC investigation in this case, Respondent regularly presided over bond hearings, traffic citations, preliminary hearings, and other matters in which Sheriff's Office deputies who were supervised by Respondent's wife appeared before him.[1]

In cases involving the Sheriff's Office, it was Respondent's practice to call the court to order and state on the record "[m]y wife is a Captain with the Marion County Sheriff's Office, and she was not involved in your case, but I would be happy to disqualify myself and have another judge hear your case." After this statement (or something substantially similar), Respondent's practice was to ask whether a defendant objected, and if the defendant did not speak up, Respondent would preside over the hearing.[2]

## II.

Canon 3E of the Code of Judicial Conduct in Rule 501, SCACR, requires a judge to disqualify himself in proceedings in which his impartiality might reasonably be questioned. In disclosing a disqualification, a judge is required to communicate all information the parties might consider relevant to the issue of disqualification. *See* Canon 3E(1) cmt., Rule 501, SCACR (providing a judge should disclose on the record information the parties or their lawyers might consider relevant to the question of disqualification "even if the judge believes there is no real basis for disqualification"). Following disclosure under Canon 3E, a judge may nevertheless preside in a matter if the parties agree to waive the disqualification pursuant to the remittal procedure set forth in Canon 3F, Rule 501, SCACR.

Specifically, Canon 3F provides that a judge may disclose on the record the basis for the disqualification and ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If, following disclosure, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, then the judge may participate in the proceeding. *Id*.

---

[1] Since October 2021, Respondent has not presided over any matter involving the Sheriff's Office.

[2] Respondent represents that no defendant in any case involving the Marion County Sheriff's Office ever requested that Respondent recuse himself from a matter.

This agreement shall be incorporated in the record of the proceeding. *Id*. The commentary to Canon 3F makes clear that the parties' consideration of whether to waive the judge's disqualification must be made independently of the judge and that the judge "must not solicit, seek[,] or hear comment on possible remittal or waiver of the disqualification unless the lawyers jointly propose remittal after consultation as provided in the rule."

Respondent admits that because his wife was employed with the Sheriff's Office, Respondent's impartiality might reasonably be questioned in matters involving the Sheriff's Office. Although Respondent disclosed his wife's role as Captain in each case involving the Sheriff's Office, Respondent violated Canon 3E(1), Rule 501, SCACR, by failing to disclose, when appropriate, that even though is wife was not involved in a particular matter, she nevertheless supervised Sheriff's Office deputies involved in a case, a fact which the parties might find relevant to a determination of whether to waive Respondent's disqualification and which therefore should have been disclosed.

Respondent further admits he violated Canon 3F, Rule 501, SCACR, by failing to allow the parties and their lawyers time to consider the question of remittal outside his presence and by failing to ensure that any agreements to waive disqualification were placed on the record.

Respondent admits his misconduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of the Code of Judicial Conduct shall be a ground for discipline).[3]

---

[3] Respondent is not licensed to practice law in South Carolina. However, as an officer of the unified judicial system eligible to perform judicial functions in South Carolina, he is subject to the jurisdiction of the Commission on Judicial Conduct. *See* Rule 2(r), RJDE, Rule 502, SCACR (defining a judge as "anyone, whether or not a lawyer, who is an officer of the unified judicial system, and who is eligible to perform judicial functions"); Rule 3(b)(1), RJDE, Rule 502, SCACR (providing the Commission on Judicial Conduct has "jurisdiction over judges").

## III.

We find Respondent's misconduct warrants a public reprimand.  *See In re Underwood*, 417 S.C. 433, 790 S.E.2d 761 (2016) (publicly reprimanding a magistrate for handling numerous cases without properly following the remittal requirements of Canon 3F).  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Judicial Conduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**